IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE JONES,

    Plaintiff,

v.

JAN TRAN, INC.,

    Defendant.

NO.: 4:14cv125-GHD-JMV

JURY DEMANDED

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Willie Jones, and sues the Defendant, JAN TRAN, INC., and for cause of action would show unto the Court as follows:

1. Plaintiff is a resident of Renova, Mississippi.

2. Plaintiff is an American seaman and at all times material hereto, was a member of the crew of the Defendant's motor vessel, the M/V WAXHAW. That as an American seaman, he is authorized to bring this action pursuant to 28 U.S.C. §1916 without the prepayment of costs or the necessity of depositing security therefore.

3. That at all times mentioned herein, the Defendant was a corporation organized and existing under the laws of the State of Mississippi, with offices located in Rosedale, Mississippi.

4. That this action is brought pursuant to 46 U.S.C.A. § 30104, *et seq.*, the Jones Act, and the General Maritime Law of the United States. That jurisdiction is based upon 28 U.S.C. §1331.

5. That on or about August 17, 2012, the Plaintiff was employed by the Defendant as a deckhand on the Defendant's vessel, the M/V WAXHAW. That on said date, the vessel was located at the Defendant's facility in the Rosedale harbor on the lower Mississippi River. At approximately 5:30 p.m. on said date, the Plaintiff was ordered by the Defendant's fleet supervisor to check the water level on the battery of the port main engine of the vessel. While the Plaintiff was in the process of doing this, suddenly and without warning, the battery exploded, which caused battery acid go onto his face and into his right eye.

6. Immediately following the accident, the Plaintiff experienced extreme pain and the loss of vision in his right eye. Because the vessel was not equipped with a safety kit that contained proper eye wash, the Plaintiff was not able to obtain immediate proper care for his injury. This delay caused him to experience additional pain, suffering, and damage.

7. That said injuries were caused by the negligence of the Defendant, its agents, and its employees, to-wit:

    a) by failing to provide a safe place in which to work;

    b) by failing to warn the Plaintiff of the dangers involved;

    c) by having a defective battery on the port main engine of the vessel when it knew or should have known that said battery was defective;

    d) by failing to have proper safety equipment, such as safety glasses, to safely perform the task; and,

    e) by failing to have a safety kit on the vessel equipped with proper eye wash.

8. That the negligent act set forth in Paragraph 7, above, rendered the vessel unseaworthy as to the Plaintiff.

9. That as a result of one (1) or more of the aforementioned negligent acts of the

Defendant, along with the unseaworthy vessel, Plaintiff was injured in the following respects:

a) Plaintiff suffered, among other injuries, a severe injury to his right eye;

b) Plaintiff experienced a loss of vision in his right eye, and the vision in his right eye remains impaired;

c) Plaintiff suffers from severe and debilitating headaches, and will continue to suffer from said headaches into the future;

d) Plaintiff was required to seek and obtain necessary medical treatment in an effort to be cured and relieved of the effects of his injuries;

e) Plaintiff has incurred financial loss due to lost wages, and will incur lost wages in the future;

f) Plaintiff has suffered a loss of earning capacity;

g) Plaintiff has experienced pain and suffering in the past, and will continue to experience the same in the future; and,

h) Plaintiff's enjoyment of life has been diminished.

10. That under the general maritime law, as a result of this injury as aforesaid, the Plaintiff is entitled to receive from the Defendant adequate maintenance and cure benefits. That the Defendant has refused to pay to the Plaintiff such maintenance and cure benefits, despite same having been requested by Plaintiff.

**WHEREFORE PLAINTIFF PRAYS:**

1. That upon a hearing of this cause, Plaintiff, Willie Jones be awarded a judgment against the Defendant for personal injury damages, both actual and special, together with the cost of prosecuting this cause and pre-judgment interest.

2. That the Plaintiff be awarded fair and adequate maintenance and cure benefits to

which he is entitled.

3. That the Plaintiff be awarded attorneys' fees and punitive damages for the Defendant's refusal to provide adequate maintenance and cure benefits.

4. That a jury be empaneled to try the issues when joined.

5. That the Plaintiff be awarded such further and general relief as to which justice may require.

Respectfully submitted,

**GODWIN, MORRIS, LAURENZI & BLOOMFIELD**

/s/ Eugene A. Laurenzi
EUGENE A. LAURENZI, #103690
50 North Front Street, Suite 800
Memphis, TN 38173-0290
(901) 528-1702
*ATTORNEY FOR PLAINTIFF*